IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WHITNEY MCCLINTOCK. on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GIVEBUTTER, INC.,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL** |

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant GIVEBUTTER, INC. ("Defendant"), by its undersigned counsel, hereby gives notice of its removal of the above-captioned case from the Court of Common Pleas, Chester County (Docket No. 2026-02968-TT), where the action is pending, to the United States District Court for the Eastern District of Pennsylvania. Removal is proper for the following reasons:

1. Plaintiff Whitney McClintock ("Plaintiff") filed a Class Action Complaint in the Court of Common Pleas, Chester County, on April 1, 2026 ("Complaint"). A copy of the Complaint is attached as **Exhibit A**.

2. This action involves at least one member of the putative class of Plaintiff who is a citizen of a state different from any of the Defendant.

3. Based on the proposed class described in the Complaint, Plaintiff has plausibly alleged a putative class with an amount in controversy that exceeds the sum of $5,000,000, exclusive of interests and costs.

4. Based on the proposed class described in the Complaint, Plaintiff has plausibly alleged a putative class that includes more than 100 individuals. (Exhibit A, ¶ 76.)

5. Based on the proposed class described in the Complaint, Plaintiff has plausibly alleged a putative class wherein two-thirds or more of the individuals they identify are citizens of a state other than Pennsylvania (i.e., less than one third of the proposed putative class members Plaintiff identifies are citizens of Pennsylvania). (*See generally* Exhibit A, ¶ 72.)

6. This Notice is timely filed in accordance with 28 U.S.C. § 1446(b)(1) and (2), because it is being filed within 30 days of the date the Complaint was served upon Defendant.

7. This case is removable under 28 U.S.C. §§ 1332(d), 1441, and 1446. Removal to this Court is proper because it is part of the "district and division" embracing the place where the state court action is pending. *See* 28 U.S.C. § 1441(a).

**THE PARTIES SATISFY MINIMUM DIVERSITY AS REQUIRED UNDER CAFA**

8. There is complete diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and (c), because Plaintiff, on the one hand, and Defendant, on the other, are citizens of different states.

9. As set forth in the Complaint, Plaintiff is a citizen of the Commonwealth of Pennsylvania. (Exhibit A, ¶ 13.)

10. As set forth in the Verified Complaint, Defendant is a Delaware Corporation. (Exhibit A, ¶ 14.)

11. Minimum diversity exists as between at least one class Plaintiff and any one of the Defendant in the matter filed in the Complaint in the State Court Action. (*See generally* Exhibit A, ¶¶ 13-14.)

12. Furthermore, based on Plaintiff's Complaint, they purport to represent the interests of a putative class of individuals that they plead includes "all persons nationwide." (Exhibit A, ¶ 72.) Based on Defendant's putative class identification, Plaintiff has plausibly alleged a putative class that is (1) sufficiently numerous in that it comprises significantly more than 100 individuals,

and (2) sufficiently numerous as a class of individuals residing outside of the forum in that less than one-third of the members of the putative class are citizens of Pennsylvania. (*See generally* Exhibit A, ¶¶ 72; 76.)

**<u>THE "AMOUNT IN CONTROVERSY" REQUIREMENT IS SATISFIED</u>**

13. The preponderance of the evidence establishes that the amount in controversy exceeds the $75,000 jurisdictional requirement. *See* 28 U.S.C. § 1446(c)(2)(B). Because Pennsylvania Rules of Civil Procedure only require unliquidated damages to be pled generally (Pa.R.C.P. 1021(b)), the Complaint does not identify a specific amount of damages. Plaintiff's legal claims and factual allegations, however, establish that Plaintiff is seeking well in excess of $75,000 in compensatory damages alone.

14. Plaintiff brings claims alleging violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law and seeks treble damages (Exhibit A, ¶ 98), violations of Delaware's Uniform Deceptive Trade Practices Act, and is also pursuing causes of action for tortious interference and unjust enrichment. In addition to treble damages, Plaintiff seeks restitution, disgorgement, actual damages, punitive damages, and attorneys' fees. (Exhibit A, p. 26.)

15. Attorneys' fees for a nation-wide class action with a substantial amount in controversy will undoubtedly reach hundreds of thousands of dollars, if not well over a million dollars. *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774,fn. 4) (9th Cir. 2020) (finding attorney's fees assumption of 25 percent of the total amount in controversy if plaintiff were to prevail as a reasonable in meeting the amount in controversy requirement under CAFA).

16. Accordingly, the "amount in controversy" requirement is satisfied. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal

need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.")

17. The Eastern District of Pennsylvania is the proper venue for removal pursuant to 28 U.S.C. § 1441(a) because the action is pending in the Court of Common Pleas, Chester County, located within the Eastern District of Pennsylvania.

18. Defendant files this Notice of Removal without waiving any objections, exceptions or defenses to Plaintiff's Complaint.

19. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is being sent to all counsel of record and will be filed with the Prothonotary of the Court of Common Pleas, Chester County.

**WHEREFORE**, Defendant hereby provides notice of its removal of this action to the United States District Court for the Eastern District of Pennsylvania and requests that this Court assume full jurisdiction over this cause as provided by law.

Dated: April 22, 2026

Respectfully Submitted,

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: ______________________________

Matthew D. Stockwell (Bar No. 310796)
matthew.stockwell@pillsburylaw.com
Patrick Hammon (*pro hac vice forthcoming)*
patrick.hammon@pillsburylaw.com

31 West 52nd Street
New York, New York 10036
Telephone: 212.858.1000
Attorneys for Defendant