**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WHITNEY MCCLINTOCK, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GIVEBUTTER, INC.,<br><br>Defendant. | Civil Action No. 2:26-cv-02668-JHS |

**PLAINTIFF'S MOTION TO REMAND**

Plaintiff Whitney McClintock ("Plaintiff") hereby moves the Court to remand this case to the Court of Common Pleas of Chester County and, as grounds for the Motion, respectfully states as follows:

## I. INTRODUCTION AND BACKGROUND

In this putative class action, Plaintiff asserts claims on behalf of a nationwide class of consumers against Defendant Givebutter, Inc. ("Defendant" or "Givebutter"), arising from Givebutter's deceptive and unfair imposition of "junk fees" on consumers. Compl., ¶¶ 51-67, ECF No. 1-1. As alleged in the Complaint, Givebutter acts as a middleman between consumers and the causes they choose to support by designing and operating website integration features (commonly known as "widgets") for third-party fundraising and charitable organizations. *Id.*, ¶¶ 19-20. Through these widgets, charitable causes can easily promote themselves and collect donations from their patrons with Givebutter's assistance as a payment processor. *Id.*, ¶¶ 21-25.

While Givebutter's services may appear benign, its business practices are anything but charitable. Unbeknownst to the consumers who use them for charitable giving, Givebutter's

widgets are designed with deceptive negative options that, without the user's knowledge or consent, discreetly increase the cost of the transaction by applying increased fees in the form of "tips" and "processing fees." *Id.*, ¶¶ 26-33. Givebutter imposes these deceptive negative options to ensure consumers pay fees they would not otherwise pay—and to ensure they do not and cannot remove the fees. *Id.*, ¶ 43. In addition to being deceptively imposed on every transaction, Givebutter's tips and processing fees are also unlawful "junk fees" unrelated to the cost of processing charitable donations that amount to pure profit for Givebutter. *Id.*, ¶¶ 57-62.

Plaintiff brought this action after she was automatically charged a $0.91 "processing fee" and a $3.00 "tip" by Givebutter, without her knowledge or consent, when making a charitable donation to a third-party through Givebutter's widget. *Id.*, ¶¶ 68-70. Plaintiff seeks relief on behalf of a class of consumers who were subjected to the same deceptive fees and asserts claims for unjust enrichment and tortious interference with contract, as well as for violations of Pennsylvania and Delaware consumer-protection statutes. *Id.*, ¶¶ 88-120.

Plaintiff filed this case in the Court of Common Pleas of Chester County on April 1, 2026. Not. of Removal ("Not.") ¶ 1, ECF No. 1. Givebutter filed a Notice of Removal in this Court on April 22, 2026, asserting jurisdiction under 28 U.S.C. § 1332(a) and the Class Action Fairness Act ("CAFA"). *See id.* at 2-3. Because Givebutter has failed to establish the requisite amount in controversy under either 28 U.S.C. § 1332(a) or CAFA, remand is warranted.

## II. LEGAL STANDARDS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Here, Defendant premises removal jurisdiction on two statutes: 28 U.S.C. § 1332(a) and CAFA.

### A. Removal Under 28 U.S.C. § 1332(a)

Under 28 U.S.C. § 1332(a), original jurisdiction exists when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different states." 28 U.S.C. § 1332(a). "The party asserting federal jurisdiction [under Section 1332(a)] in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Sciarrino v. State Farm Fire & Cas. Co.*, 476 F. Supp. 3d 91, 93 (E.D. Pa. 2020) (quoting *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007)).

The "sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." *Evans v. Zhang*, No. CV 17-3801, 2017 WL 4547912, at *1 (E.D. Pa. Oct. 12, 2017) (quoting 28 U.S.C. § 1446(c)(2)). But, where, as here, "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," removal is proper "only if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00."[1] *Id.* (quoting 28 U.S.C. § 1446(c)(2)(A)(ii)-(B)). The preponderance standard requires the defendant to show "it is more likely than not that [the] amount in controversy exceeds $75,000." *Crown S. Abington Holdings, LLC v. Norfolk S. Ry. Co.*, No. 3:25-CV-1791, 2026 WL 852107, at *13 (M.D. Pa. Mar. 27, 2026). If the Court "is left to guess at whether the jurisdictional threshold has been met, then a removing defendant has not carried its burden." *Heffner v. Lifestar Response of N.J.*, No. 13-0194, 2013 WL 5416164, at *5 (D.N.J. Sept. 27, 2013). Importantly, under 28 U.S.C. § 1332(a), the damages of absent class members are not aggregated to meet the $75,000 threshold. *Packard v. Provident Nat'l Bank*, 994

[1] Plaintiff's Complaint was originally filed in the Court of Common Pleas of Chester County, Pennsylvania, which does not allow a demand for a specific sum of money where, as here, damages are not liquidated. Pa. R. Civ. P. 1021(b).

F.2d 1039, 1050 (3d Cir. 1993). Instead, Plaintiff's individual claims must exceed the threshold. *Id.*

In assessing whether removal is proper, the Court must "strictly construe[]" the removal statute, with all doubts about the existence of federal jurisdiction "resolved in favor of remand." *Dorley v. Save-A-Lot*, No. 16-CV-04510, 2016 WL 6213074, at *2 (E.D. Pa. Oct. 25, 2016) (quoting *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013)).

**B. Removal Under CAFA**

Under CAFA, a federal court may assume jurisdiction only if: (1) the aggregate amount in controversy exceeds $5 million; (2) the suit is brought as a "class action" with at least one hundred putative class members; and (3) any member of the class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014).

"[I]n CAFA removal cases[,] the party asserting federal jurisdiction…bears the burden" of showing it exists. *La Stella v. Aquion, Inc.*, No. 19-CV-10082(FLW), 2020 WL 7694009, at *5 (D.N.J. Dec. 28, 2020). Although the notice of removal itself need not attach evidence in support thereof, the defendant must still set forth a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 87.

But where, as here, federal jurisdiction is challenged by the plaintiff or questioned by the Court, the Court can no longer rely on plausible allegations in the notice of removal and rather, "must apply the preponderance of the evidence standard to determine whether Defendants' evidence…is sufficient to meet the jurisdictional threshold." *La Stella*, 2020 WL 7694009, at *5 (citing *Dart*, 574 U.S. at 89). In so doing, the Court must rely "upon evaluation of [the defendant's] submitted proofs," which must provide "some objective, factual basis" that CAFA's requirements

are satisfied. *Rosenblatt v. Nuplexa Grp., Inc.*, No. CV161064ESSCM, 2016 WL 3546579, at *4 (D.N.J. June 29, 2016). The plaintiff is under no obligation to rebut the defendant's evidentiary showing with contrary evidence. *La Stella*, 2020 WL 7694009, at *5 n.4.

## III. ARGUMENT

Defendant has provided zero evidence—let alone the requisite preponderance of evidence—to justify removal under either statute it invokes. First, under Section 1332(a), Defendant overlooks its inability to aggregate Plaintiff's modest $3.91 in alleged damages with the damages of unnamed class members under well-settled Third Circuit law. Defendant makes no attempt to show how Plaintiff's individual damages can possibly exceed $75,000, which dooms its effort to establish Section 1332(a) jurisdiction. Defendant fares no better under CAFA's $5 million amount-in-controversy requirement. Ignoring the evidentiary showing necessary, Defendant submits no proof of its jurisdictional allegations and leaves the Court completely unable to determine whether the requisite amount in controversy is met.

In sum, Defendant fails on any front to establish jurisdiction by a preponderance of the evidence, and the Court must remand this matter.

### A. Defendant Fails to Establish the Amount-in-Controversy Requirement Under 28 U.S.C. § 1332(a) Because the Unaggregated Amount in Controversy Between Plaintiff and Defendant Does Not Exceed $75,000.

As an initial matter, Defendant falls well short of establishing by a preponderance of evidence that the amount in controversy exceeds $75,000 as required under Section 1332(a).

It is well-settled that the claims of class members "may not be aggregated in order to meet the jurisdictional threshold" under Section 1332(a). *Packard*, 994 F.2d at 1050. Rather, each named plaintiff's claim must exceed $75,000 "on its own." *North v. Portfolio Recovery Assocs.,*

*LLC*, No. 219CV17972BRMJAD, 2020 WL 13831964, at *3 (D.N.J. May 6, 2020) (quoting *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008)).

Here, the sole named Plaintiff alleges damages of just $3.91—the total junk fees she was charged by Defendant when submitting an online donation. Compl., ¶ 69. Defendant cryptically states that the Complaint's "legal claims and factual allegations" evince the requisite amount in controversy under Section 1332(a). Not., ¶ 13. But, aside from this conclusory allegation, Defendant provides no explanation or evidence showing how Plaintiff's damages, standing alone, could possibly exceed $75,000—an assertion that borders on fanciful given that this threshold is many times greater than the damages Plaintiff alleges.

Nor can attorneys' fees, absent actual damages, suffice to exceed the $75,000 threshold. Like Plaintiff's damages, her potential attorneys' fees "cannot be aggregated [with those of absent class members] when determining the amount in controversy." *Lingo v. BHI Energy Power Servs*., No. CV 3:22-1275, 2022 WL 17627815, at *5 (M.D. Pa. Dec. 13, 2022). Although these fees may be considered when available under a statute, "they are subject to close scrutiny when, in order to satisfy the threshold, they need to represent a large share of any possible recovery." *Penn v. Wal-Mart Stores, Inc*., 116 F. Supp. 2d 557, 569 (D.N.J. 2000). Thus, the removing defendant must "come forward with plausible evidence" that a reasonable fee award would push the amount in controversy beyond $75,000. *Lingo*, 2022 WL 17627815, at *4 (noting that fees "of approximately 30 percent" are considered reasonable in the Third Circuit).

Defendant has not done so here. As noted above, Plaintiff's alleged damages fall well shy of the $75,000 threshold, and this remains true even if a reasonable fee award of thirty percent were appended to her damages. Defendant does not explain how even a more substantial fee award could move the needle here. Provided with no fee figure—reasonable or otherwise—to suggest the

jurisdictional amount is satisfied, the Court cannot retain jurisdiction under Section 1332(a). *See id.* (remanding where defendant provided no "averment as to the pro rata attorney fees award attributable to the plaintiff").

In sum, because Defendant's "generalized allegations" regarding the amount in controversy fall well short of meeting the preponderance standard, Defendant fails to meet its jurisdictional burden and remand is required. *Dorley v. Save-A-Lot*, No. 16-CV-04510, 2016 WL 6213074, at *4 (E.D. Pa. Oct. 25, 2016) (remanding case where defendant failed to submit supporting evidence, which "effectively [left the Court] to guess at whether the jurisdictional threshold has been met"); *Crown S. Abington Holdings, LLC v. Norfolk S. Ry. Co.*, No. 3:25-CV-1791, 2026 WL 852107, at *13 (M.D. Pa. Mar. 27, 2026) (remanding where defendant "relie[d] solely on the allegations in the Complaint" and "offer[ed] no proof to sustain its burden").

**B. Defendant Fails to Demonstrate that CAFA's $5 Million Amount-in-Controversy Threshold is Exceeded.**

Defendant also fails to provide even a scintilla of evidence that CAFA's $5 million amount-in-controversy threshold is exceeded. Unlike Section 1332(a), CAFA permits Defendant to aggregate class members' claims to meet this requirement. *See* 28 U.S.C. § 1332(d)(6). But Plaintiff neither knows nor alleges—and Defendant's removal papers provide no clarification of—the full extent of the damages inflicted on unsuspecting class members by Defendant's tips and processing fees. Without these necessary figures, the Court simply cannot determine whether CAFA's $5 million threshold is exceeded. Plainly, Defendant fails to "proffer a preponderance of objective evidence in support of the matter in controversy under CAFA," and remand is necessary. *Hoffman v. Primal Force, Inc.*, 2021 WL 7209452, at *4 (D.N.J. July 22, 2021); *see Hoffman v. N. Am. Nutraceuticals, LLC,* 2021 WL 3828839, at *3 (D.N.J. Aug. 27, 2021) (remanding where

removing defendant failed to produce "the underlying data in support of its damages assertion" and instead "summarily conclude[d]" that amount-in-controversy requirement was met).

Defendant's vague suggestions that potential punitive and treble damages might increase the amount in controversy do not move the needle. Not., ¶¶ 14-15. Defendant provides no information on the amount of these potential enhanced damages, leaving it completely unclear that they support jurisdiction based on the aggregated damages suffered by the class (which, as noted above, Defendant sheds no light on). Accordingly, Defendant's reliance on enhanced damages amounts to mere "pie-in-the-sky" speculation, which cannot support removal. *Judon v. Travelers Property Cas. Co. of Am.,* 773 F.3d 495, 507 (3d Cir. 2014); *see Rosenblatt v. Nuplexa Grp., Inc*., 2016 WL 3546579, at *4 (D.N.J. June 29, 2016) (remanding action where defendant failed to come forward with objective proof in support of removal).

Lastly, Defendant's dubious assertion that attorneys' fees might reach "hundreds of thousands of dollars, if not well over a million dollars," fares no better. Not., ¶ 15. Defendant cites a footnote from a factually inapposite out-of-Circuit decision as apparent proof of this conclusion.[2] *See id.* Although attorneys' fees may be included in the Court's removal analysis, Defendant provides no evidence relevant to *this case*—let alone a preponderance of evidence—to show how attorneys' fees push the amount in controversy here beyond $5 million. Its failure to do so leaves its burden of proof unsatisfied and warrants remand. *See Judon*, 773 F.3d at 507.

## IV. CONCLUSION

Because Defendant fails to support its jurisdictional allegations by a preponderance of the

[2] Defendant cites *Greene v. Harley-Davidson, Inc*., 965 F.3d 767 (9th Cir. 2020), where, unlike here, the defendant presented evidence that adding an additional 25 percent of the compensatory damages to account for attorneys' fees was reasonable. *Id.* at 774 n.4. Here, there is no similar baseline of damages upon which to add an additional 25 percent, even assuming (without conceding) that such a calculation was proper.

evidence, Plaintiff respectfully requests that the Court remand this case to the Court of Common Pleas of Chester County for lack of jurisdiction.

Dated: May 21, 2026

Respectfully submitted,

**KALIELGOLD PLLC**

By: */s/ Justin J. Swofford*
Justin J. Swofford (PA ID #334768)
*jswofford@kalielgold.com*
**KALIELGOLD PLLC**
1100 15th Street NW, 4th Floor
Washington, DC 20005
Telephone: (202) 350-4783

**CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2026, I caused the foregoing to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties.

*/s/ Justin J. Swofford*
Justin J. Swofford